UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | Criminal No. 19-cr-10117-IT |
| | * | |
| GREGORY ABBOTT, et al. | * | |
| | * | |
| Defendants. | * | |

ORDER

August 27, 2019

TALWANI, D.J.

The court has received and considered the Letter [#411] from the United States Attorney setting forth the basis for the government's objection to the court receiving a confidential sentencing recommendation from the probation officer assigned to this case.

"[A] sentencing court's communications with the probation officer are fundamentally different from its communications with third parties," as a probation officer "is simply an extension of the court itself . . . and 'functions as an arm of the court.'" United States v. Bramley, 847 F.3d 1, 6 (1st Cir. 2017) (internal citations omitted). The First Circuit has thus concluded that "a sentencing court has the right to confer ex parte with a probation officer to seek advice or analysis – but if the probation officer reveals new facts relevant to the sentencing calculus, those facts cannot be relied upon by the sentencing court unless and until they are disclosed to the parties and subjected to whatever adversarial testing may be appropriate." Id. at 7. The court has nonetheless allowed parties in this session to object to the court receiving ex parte sentencing recommendations, in large part for the reasons stated by the United States Attorney. The United States having now objected, the court will not meet ex parte with the probation officer regarding sentencing recommendations in this case.

The Letter [#411] states that these concerns are particularly relevant here where there is a significant disagreement between the parties and the probation officer on the applicable offense level relating to enhancement for gain/loss. The probation officer is charged with independently calculating each Defendant's offense level, regardless of any plea agreement, and reporting that calculation to the court. Fed. R. Crim. P. 32(d)(1)(B). The court anticipates that if the parties have objected to the probation officer's conclusions, the probation officer's final Pre-Sentence Investigation Reports addressing those objections will be provided to the court and the parties, in advance of sentencing, as provided by Federal Rule of Criminal Procedure 32(g), raising no concerns regarding ex parte communications.

The Letter [#411] notes further the "exceptional public interest in transparency in the sentencing process" and the possibility that the applicable offense level may raise appellate issues. The court agrees that both of these factors require that the legal questions regarding the enhancement for gain/loss should be considered on the record, with full transparency and opportunity for argument, and will set hearing on this legal issue in advance of sentencing.

Accordingly,

1. The probation officer assigned to this case shall not submit a confidential sentencing recommendation to the court;
2. The clerk is directed to continue the sentencing hearings set for Tuesday, September 10, 2019, in 19-cr-10117-IT-11, and Wednesday, September 11, 2019, in 19-cr-10117-IT-10, to allow the court time to resolve the legal issue regarding the gain/loss enhancement;
3. The clerk shall set a hearing in this matter for on Tuesday, September 10, 2019, to allow the court to address the legal framework to apply in determining the applicable

enhancement for gain/loss in individual sentencing. Because the hearing will address questions of law only, individual Defendants may choose to appear through counsel and are not required to be present. See Fed. R. Crim. P. 43(b)(3).

IT IS SO ORDERED.

August 27, 2019

/s/ Indira Talwani
United States District Judge