**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :
         v.                         :
                                    :
GREGORY ABBOTT and                  :   No. 19-cr-10117-IT
MARCIA ABBOTT,                      :
                                    :
                    Defendants.     :
                                    :
                                    :
------------------------------------x
```

### DEFENDANTS GREGORY AND MARCIA ABBOTT'S UNOPPOSED JOINT MOTION FOR LEAVE TO FILE PORTIONS OF THE SENTENCING MEMORANDUM AND CERTAIN EXHIBITS UNDER SEAL

Defendants Gregory and Marcia Abbott (the "Abbotts") hereby respectfully move for permission to file portions of their Sentencing Memorandum and certain supporting exhibits under seal pursuant to Local Rule 7.2 for the U.S. District Court for the District of Massachusetts. Counsel for the government has informed the undersigned counsel that it assents to this motion.

The documents Defendants seek to file under seal contain highly sensitive information. Specifically, sealing is necessary to protect confidential medical information regarding the Abbotts' daughter; other confidential medical information related to drug addiction issues of another family member; and sensitive personal information concerning the Abbotts and certain individuals who have submitted letters of support. The Abbotts request that this information remain sealed until further order of the Court.

Under Local Rule 7.2(a), a party is permitted to file a motion to seal or impound certain materials upon a showing of good cause, and the Court may seal the material until further order. When ruling on a request to file under seal, "court[s] must carefully balance the presumptive public

right of access against the competing interests that are at stake in a particular case." *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

"Privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Kravetz*, 706 F.3d at 62 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)). In determining whether privacy interests overcome the presumptive right of access, courts "consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* For example, information implicating traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Further, "[m]edical information is . . . 'universally presumed to be private, not public.'" *Id.* at 63 (quoting *In re Boston Herald*, 321 F.3d 174, 189 (1st Cir. 2003)).

Sealing is warranted because the information that Defendants seek to file under seal relates to subject matter that is traditionally considered private. *See Kravetz*, 706 F.3d at 62. First, the Abbotts request to file under seal certain medical information concerning their daughter, as well as information concerning drug addiction issues of another family member, which are subject matters that are "universally presumed to be private." *Kravetz*, 706 F.3d at 63 (citation omitted). Additionally, among the exhibits that the Abbotts will submit with their Sentencing Memorandum are letters of support from friends, family members, and former colleagues that contain sensitive information about themselves or their family members. The privacy interests of these third parties are "a venerable common law exception to the presumption of access" that "weigh heavily in a

court's balancing equation." *Id.* at 62 (quoting *Amodeo*, 71 F.3d at 1050-51). As such, the sensitive information included in these letters weighs strongly in favor of sealing.

## CONCLUSION

The documents that the Abbotts request to file under seal include highly sensitive information that, if disclosed, would cause severe injury to the privacy interests of the Abbotts and third parties. WHEREFORE, the Abbotts respectfully request that the Court grant leave for the Abbotts to file portions of their Sentencing Memorandum and certain exhibits under seal.

Dated: September 30, 2019

Respectfully submitted,

/s/ Daniel L. Stein

Daniel L. Stein (Admitted *Pro Hac Vice*)
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Dstein@mayerbrown.com
Tel: (212) 506-2646

*Attorney for Defendant Gregory Abbott*

/s/ Arlo Devlin-Brown

Arlo Devlin-Brown (Admitted *Pro Hac Vice*)
Covington & Burling LLP
620 Eighth Avenue
New York, New York 10018
Adevlin-brown@cov.com
Tel: (212) 841-1046

*Attorney for Defendant Marcia Abbott*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated: September 30, 2019

*/s/ Daniel L. Stein*
Daniel L. Stein